UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES P. GIORDANO, <br><br> Plaintiff, <br><br> v. <br><br> WEST ORANGE BOARD OF EDUCATION, <br><br> Defendant. | Civil Action No. 14-4202 (PGS) <br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff James P. Giordano's motion to amend his Complaint in order to add the following defendants: Jim O'Neil, Arthur Alloggiamento and Dawn Riviero, as well as additional allegations against the existing and new defendants. [Docket Entry No. 20]. The Court has fully reviewed and considered all arguments made in support of Plaintiff's motion to amend. No opposition was filed by Defendant West Orange Board of Education. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

**I.    Background and Procedural History**

On July 2, 2014, Plaintiff filed his initial complaint against Arthur Alloggiamento, Dr. Anthony Cavanna, Steve Christiano, Dennis Greico, Local WOEA Union Officers Nick Galante and Mark Maniscalco, Hayden Moore, James O'Neil, Dawn Riviero, Constance Salmbeno and the West Orange Board of Education. [Docket Entry No. 1]. Plaintiff alleged that Defendants violated the American with Disabilities Act of 1990, ADA Amendments Act of 2008 and the

Age Discrimination in Employment Act of 1967. [Docket Entry No. 1 at 11]

Plaintiff then filed a motion to amend the complaint to add a defamation claim on July 14, 2014. [Docket Entry No. 3]  The Court granted since this motion since "a party may amend its pleading once as a matter of course within 21 days after serving it" pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).  [Docket Entry No. 6]

Before filing his amended complaint, Plaintiff filed a "motion to add additional information and to amend additional charges" on August 8, 2014.  [Docket Entry No. 7]  The Court granted this motion on March 12, 2015.  [Docket Entry No. 10]  Plaintiff filed an amended complaint on May 1, 2015.  The amended complaint only listed the West Orange Board of Education as Defendants, therefore, all other Defendants were terminated.  [Docket Entry No. 12]

Plaintiff filed the instant motion to amend on June 20, 2016.  Plaintiff seeks to add six additional counts as well as adding James O'Neill, Arthur Alloggiamento and Dawn Riviero as Defendants. [Docket Entry No. 20].  As noted, Defendant West Orange Board of Education did not file an opposition.

**II.     Analysis**

   **A. Standard of Review**

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).  Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of

undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

A motion to amend is properly denied where the proposed amendment is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6) (*Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)) and considers only the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, in assessing a motion to dismiss, although the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

Although the Court finds that Plaintiff has pled sufficient facts to show that the additional counts are not futile, the Court finds that there has been undue delay. Plaintiff filed his complaint on July 2, 2014 and has filed two motions to amend which this Court has granted. More than two years after the filing of the initial complaint, Plaintiff is now seeking to amend his complaint to add age discrimination and retaliation claims [Docket Entry No. 1] Plaintiff's initial complaint alleged age discrimination and retaliation. These claims were not included in his amended complaint. Plaintiff now seeks to add them to his second amended complaint. Plaintiff also seeks to add three defendants who were included in his original complaint-James O'Neill, Arthur Alloggiamento and Dawn Riviero.

Although Defendant does not oppose this motion, the Court notes that Plaintiff has not explained why the statute of limitations does not bar these claims. A motion to amend must be filed within the applicable statute of limitations. According to Plaintiff's proposed amended complaint, the last incident took place on November 13, 2012. [Docket Entry No. 21 at 7, ¶ 54]. The statute of limitations for the additional counts that Plaintiff seeks to add under the New

Jersey Law Against Discrimination, the Age Discrimination in Employment Act and the Americans with Disabilities Act is two-years, thus, Plaintiff's motion is barred by the statutes of limitations.

### III.     Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is DENIED WITHOUT PREJUDICE.  An appropriate Order follows.

Dated: October 17, 2016

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**
